UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEON LION I EUGENE WHITE, JR,

                Plaintiff,

v.                                                       Case No. 25-cv-0302-bhl

HECTOR CLAUDIO,

                Defendant.

## SCREENING ORDER

On February 28, 2025, Leon White, proceeding without an attorney, filed a complaint invoking this Court's federal question jurisdiction and alleging that Defendant Officer Hector Claudio of the Milwaukee Police Department violated his constitutional rights. (ECF No. 1.) White also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of White's IFP motion and the screening of his complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). White's IFP application includes information about his finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 4). He represents that he is unemployed, unmarried, and has no monthly income. (ECF No. 2 at 1–2.) White indicates that he has no assets and is homeless and living on the streets. (*Id.* at 3–4.) Given his allegations, the Court will grant him IFP status.

### SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must also screen the complaint to ensure the case should be allowed to move forward. In

screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

White, who refers to himself as a Rastafari, Moorish American Moslem, and Sovereign Citizen, alleges that he told Officer Claudio on October 20, 2024 that he "had the right to pump his (Officer Hector Claudio['s]) punk a..," after which Officer Claudio tased and arrested him. (ECF No. 1 at 2–3.) The arrest resulted in charges being filed against White in Milwaukee County Circuit Court, Case No. 24CM3030. (*Id.* at 2.) Public records confirm that White was charged on October 23, 2024 with one count of misdemeanor disorderly conduct. *State v. White*, No.

2024CM003030, Milwaukee Cnty. Cir. Ct., wcca.wicourts.gov.[1]  After first determining there was probable cause to believe White had committed the charged crime, the state court later concluded that White was not competent to proceed and ordered him discharged and the case administratively closed.  *Id.* (Jan. 27, 2025).

White contends that his arrest violated the First and Eighth Amendments of the United States Constitution, as well as multiple articles of the "Charter of the United Nations Declaration of the Human Rights of Indigenous Peoples and Selassie I Government." (ECF No. 1 at 3.)  He also accuses Officer Claudio of violating the "Treaty of Peace and Friendship."  (*Id.* at 4.)  White seeks financial compensation and asks that Officer Claudio be "prosecuted or penalized." (*Id.* at 3.)  White's complaint cannot survive screening because he has not stated any plausible federal claims.

## ANALYSIS

White's invocation of his First Amendment rights fails because he has not pleaded facts from which the Court could infer any First Amendment violation.  In fact, the allegations he has pleaded defeat any First Amendment claim.

White alleges that Officer Claudio violated his "right to practice his religion," but other than this conclusory statement, the complaint contains no factual allegations suggesting that Officer Claudio took any actions against White based on his religion.  To the contrary, White affirmatively alleges that Officer Claudio arrested him after White physically threatened the officer.  And while White also alleges that he was arrested in retaliation for "freely verbally expressing [himself]," threats of violence are not constitutionally protected speech.  *Counterman v. Colorado*, 600 U.S. 66, 69 (2023).  White's admission that he threatened Officer Claudio provided probable cause for the arrest, which "defeats a claim that the arrest was in retaliation for speech protected by the First Amendment."  *See Nieves v. Bartlett*, 587 U.S. 391, 397–404 (2019).  Indeed, the state court determined that probable cause existed to charge White with disorderly conduct, although he was later released after being found incompetent to stand trial.  While the Court must make all plausible inferences in White's favor at screening, he is nevertheless required to provide factual allegations sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

---

[1] The Court "may judicially notice courts records as evidence of prior judicial actions." *United States v. Payne*, 964 F.3d 652, 656 (7th Cir. 2020); *see also* Fed. R. Evid. 201.

White also cannot state a claim under the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment after a person is convicted of a crime; it does not apply to an arresting officer's actions. *See Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009).

White's remaining legal theories are not valid federal claims. His invocation of the "Charter of the United Nations Declaration of the Human Rights of Indigenous Peoples and Selassie I Government" and the "Treaty of Peace and Friendship" do not support cognizable federal claims. *See White v. Ozelie*, No. 19-cv-646, 2019 WL 2060135, at *2 (E.D. Wis. May 9, 2019) (collecting cases) (magistrate judge's report and recommendation accepted by Adelman, J.).

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where any amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (citing *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994)). White has admitted to directly threatening Officer Claudio, providing probable cause for his arrest that would defeat any constitutional claims White might otherwise state. The state court has also confirmed that probable cause existed to charge White with disorderly conduct. Accordingly, White's complaint is dismissed without leave to amend because any amendment would be futile.

## CONCLUSION

**IT IS HEREBY ORDERED** that White's complaint, ECF No. 1, is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that White's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**.

Dated at Milwaukee, Wisconsin on March 13, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge